IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. LESLIE DESMET, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| 1. ARDENT HEALTH SERVICES AND | ) | |
| 2. AHS HILLCREST MEDICAL | ) | |
| CENTER, LLC d/b/a HILLCREST | ) | |
| MEDICAL CENTER, a Foreign Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW AHS Hillcrest Medical Center, LLC ("Defendant"), by and through the undersigned counsel, and hereby files this Notice of Removal, showing the Court as follows:

## I.   TIMELINESS OF REMOVAL

1. On or about June 9, 2023, Plaintiff Leslie DeSmet ("Plaintiff") filed a civil action against Defendant, as well as "Ardent Health Services",[1] (collectively, "Defendants"), in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ 2023-02043. Copies of the Summons and Plaintiff's Original Petition ("Complaint") are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, or orders received by Defendant in this action.

2. A process server personally served the Complaint and Summons on Defendant's Registered Agent on July 18, 2023. *See* Exhibit A.

---

[1] Ardent Health Services is not a legal entity but is a trade name for Ardent Health Partners, LLC.

1

3.      Accordingly, Defendant is filing this Notice of Removal within 30 days after service of the Complaint. *See* 28 U.S.C. § 1446(b).

**II.      VENUE**

4.      The District Court in and for Tulsa County, State of Oklahoma is located within the Northern District of Oklahoma.  28 U.S.C. § 90(a)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**III.      BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

5.      This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Plaintiff's Complaint claims that Defendants violated the Age Discrimination in Employment Act of 1967 (the "ADEA") by allegedly subjecting Plaintiff to discrimination, harassment, and retaliation on the basis of Plaintiff's age.

7.      Plaintiff also asserts related state law claims for age based discrimination and retaliation under the Oklahoma Anti-Discrimination Act (the, "State Law Claims").

8.      By asserting claims under federal law, namely the ADEA, Plaintiff's Complaint gives rise to federal question jurisdiction under 28 U.S.C. §1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

2

## IV.   SUPPLEMENTAL JURISDICTION

9.     This Court has supplemental jurisdiction over Plaintiff's State Law Claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10.     Here, Plaintiff's State Law Claims relate closely to her allegations of violations under the ADEA. The claims all arise out of a common nucleus of operative facts: Plaintiff's alleged employment with and separation from Defendants.  Therefore, this Court has supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 U.S.C. § 1367.  Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's State Law Claims.  Plaintiff's State Law Claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).  Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.   CONCLUSION

11.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.  A copy of Defendant's notice of filing to the District Court in and for Tulsa County, State of Oklahoma is attached hereto as **Exhibit B**. Pursuant to

N.D. Okla. Civ. R. 81-2(a) a copy of the docket sheet from the District Court in and for Tulsa County, State of Oklahoma is attached hereto as **Exhibit C**.

12.    By removing this matter, Defendant does not waive or intend to waive any defense available to it in fact or law. Ardent Health Partners, LLC d/b/a Ardent Health Services, who has given its consent to this removal, similarly does not waive or intend to waive any defense available to it in fact or law.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process consistent with its removal from the District Court in and for Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted, this 11th day of August, 2023.

OGLETREE DEAKINS
NASH SMOAK & STEWART, P.C.

Patrick F. Clark, OBA #32580
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Facsimile:   404.870.1732
patrick.clark@ogletree.com

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| LESLIE DESMET, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| ARDENT HEALTH SERVICES; AND | ) | |
| AHS HILLCREST MEDICAL | ) | |
| CENTER, LLC d/b/a HILLCREST | ) | |
| MEDICAL CENTER, a Foreign Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on August 11, 2023, I electronically filed NOTICE OF REMOVAL

with the Clerk of Court using the CM/ECF system, and by U.S. First Class Mail postage prepaid,

addressed as follows:

Donald E. Smolen
Smolen Law, PLLC
611 S. Detroit Ave.
Tulsa, OK 74120
don@smolen.law

This 11th day of August, 2023.

Patrick F. Clark
Attorney for Defendants